### 12556. EMERICK CANDY CO. *v.* NEWTON & BROTHER *et al.*

A modification of an order given for goods purchased, growing out of a request from the buyer, takes effect from the date of sending the letter agreeing to such modification, and the buyer is liable for shipments of goods made prior to that date, unless the correspondence was such as to indicate that it was the purpose to rescind the entire contract, including the part which had been executed.

DECIDED OCTOBER 7, 1921. REHEARING DENIED OCTOBER 24, 1921.

Certiorari; from Bibb superior court — Judge Malcolm D. Jones. May 20, 1921.

Application for certiorari was denied by the Supreme Court.

Suit was brought by the Emerick Candy Company against Newton & Brother in the municipal court of Macon; for a shipment of

candy. On the trial the defendants assumed the burden of proof and introduced the following evidence: An order from the defendants to the plaintiff in the form of a letter, dated September 26, 1918, as follows: " Please ship as soon as possible the following: 200 Bxs. Fruit & Nut Loaf, 200 Bxs. Coco Cr. Bars, 200 Bxs. Crisp Bit, 200 Bxs. Nougat Bars. Duplicate Oct. 15th, Nov. 1st, Nov. 15th." The first shipment on this order was made on December 4, 1918. On November 25, 1918, Newton & Brother wrote to the plaintiff as follows: " Kindly discontinue shipments of 6¢ goods against the orders you have on file for us until further advised." This letter did not reach the plaintiff until December 7. On that date the plaintiff wrote to Newton & Brother as follows: " We have your letter of the 25th ult. requesting cancellation of your orders, which has been done." Afterwards the defendants wrote to the plaintiff that the shipment had been received by them, and that they would be unable to handle it and would hold the same subject to plaintiff's order. The suit was for the price of this shipment. The judge of the municipal court, after hearing the evidence, directed a verdict for the plaintiff for the full amount sued for. The defendants carried the case to the superior court by certiorari, and the judge of that court sustained the certiorari and remanded the case for a new trial, and the case came to this court on exceptions to this judgment.

*R. G. Plunkett,* for plaintiff.

*Strozier & Moore,* for defendants.

HILL, J. (After stating the foregoing facts.) The contention of the defendant in error is that the contract is an entire contract and that there has been a rescission of it, and that therefore the plaintiff was not entitled to a judgment for any amount. The evidence introduced, as shown by the record, is very meager and leaves wide room for inferences. The order given for the goods seems to have been undoubtedly accepted, and apparently there must have been an agreement as to price; as there seems to have been an understanding as to what was meant by " 6¢ goods." Was there a rescission of the contract? Newton & Brother requested the candy company to discontinue shipments on the orders " *until further advised.*" The candy company replied that they had the letter " requesting *cancellation,*" and that it had been done. Newton & Brother had never requested " cancellation." They had

requested a discontinuance of the shipments until further advised. This letter was not received by the candy company until three days after the candy company had made the shipment for which the suit was brought. In our opinion this did not amount to a rescission of the contract. The " cancellation " dated only from the date on which it was agreed to. Under the provisions of the code, acceptance of a proposition by letter is from the time the written acceptance is sent. Civil Code (1910), § 4231. There is no evidence in the record to show that Newton & Brother objected to the " cancellation" of the order. As the shipment sued for had been sent by the candy company prior to the date of this " cancellation," and as the shipment was duly received by Newton & Brother, we are of the opinion that it was obligatory upon them to pay for the goods, and that the judge of the superior court erred in sustaining the certiorari and remanding the case to the municipal court for a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*